UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

DAVID MOORE,

Plaintiff,

-against-

CITY OF NEW YORK; Police Officer
DESHAWN EDMONDS, Shield No. 29310;
Police Officer MATTHEW BURCZYK, Shield
No. 951; Sergeant DERIC JOHNSON, Shield No.
9736; Sergeant RICARDO OTERO, Shield No.
2601; Police Officer STEVEN FRANZEL, Shield
No. 26765; Sergeant MICHAEL SOLOWITZ,
Shield No. 4215; Police Officer SALVADOR
DIAZ, Shield No. 21953; and JOHN and JANE
DOE 1 through 10, individually and in their official
capacities (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

Defendants.

---------------------------------------------------------------- x

**SECOND AMENDED
COMPLAINT**

12 CV 5480 (ILG)(RLM)

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation
of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the
Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343
and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.     This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.     Plaintiff demands a trial by jury in this action.

## PARTIES

7.     Plaintiff David Moore ("plaintiff" or "Mr. Moore") is a resident of Kings County in the City and State of New York.

8.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.     Defendant Police Officer DeShawn Edmonds, Shield No. 29310 ("Edmonds"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Edmonds is sued in his individual and official capacities.

10.     Defendant Police Officer Matthew Burczyk, Shield No. 951 ("Burczyk"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Burczyk is sued in his individual and official capacities.

11.     Defendant Sergeant Deric Johnson, Shield No. 9736 ("Johnson"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Johnson is sued in his individual and official capacities.

12.     Defendant Police Officer Ricardo Otero, Shield No. 2601 ("Otero"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Otero is sued in his individual and official capacities.

13.     Defendant Police Officer Steven Franzel, Shield No. 26765 ("Franzel"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Franzel is sued in his individual and official capacities.

14.     Defendant Sergeant Michael Solowitz, Shield No. 4215 ("Solowitz"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Solowitz is sued in his individual and official capacities.

15.     Defendant Police Officer Salvador Diaz, Shield No. 21953 ("Diaz"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Diaz is sued in his individual and official capacities.

16.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

17.    At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

18.    At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

*August 13, 2012 Arrest*

19.    At approximately 11:00 p.m. on August 13, 2012, plaintiff was lawfully riding his bicycle on Blake Avenue between Mother Gaston Boulevard and Rockaway Boulevard in Brooklyn, New York.

20.    Mr. Moore was riding toward his home when an officer approached him, ordered him to get off of his bicycle and put his hands up.

21.    Plaintiff complied and the defendant officer then searched him.

22.    Plaintiff told the officer that he lived on Blake Avenue and was simply trying to get home.

23.    Defendant then searched plaintiff again and handcuffed him.

24.    No contraband was recovered from plaintiff.

25.    Without probable cause or reasonable suspicion to believe he had committed any crime or offense, plaintiff was arrested.

26.     Plaintiff was taken to a police precinct.

27.     At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff obstruct governmental administration and in possession of marijuana.

28.     At no point did the officers observe plaintiff obstruct governmental administration or possess marijuana.

29.     Plaintiff was eventually taken to Brooklyn Central Booking.

30.     On August 15, 2012, plaintiff was arraigned in Kings County Criminal Court, where the criminal charges were adjourned in contemplation of dismissal.

31.     After approximately forty hours in custody, plaintiff was released.

*January 4, 2013 Arrest*

32.     At approximately 12:00 a.m. on January 4, 2013, plaintiff was lawfully walking to the corner of Dumont Avenue and Mother Gaston Boulevard in Brooklyn, New York.

33.     As he was walking, officers in plain clothes and in an unmarked car, stopped their car next to Mr. Moore.

34.     The officers exited their car and then searched Mr. Moore.

35.     No contraband was recovered from Mr. Moore.

36.     Without probable cause or reasonable suspicion to believe he had

committed any crime or offense, plaintiff was arrested.

37.     Plaintiff was taken to a police precinct.

38.     At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff to be in possession of marijuana.

39.     At no point did the officers observe plaintiff possess marijuana.

40.     Plaintiff was eventually taken to Brooklyn Central Booking.

41.     In the afternoon of January 4, 2013, plaintiff was arraigned in Kings County Criminal Court, where the criminal charges were adjourned in contemplation of dismissal.

42.     After spending more than half a day in custody, plaintiff was ultimately released.

43.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

44.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

45.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

46.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

47.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

49.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

50.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

52.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

53.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

55.     Plaintiff was conscious of his confinement.

56.     Plaintiff did not consent to his confinement.

57.     Plaintiff's confinement was not otherwise privileged.

58.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

59.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

60.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

-8-

62.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

63.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64.     By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

65.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

66.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

67.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

68.     The individual defendants created false evidence against plaintiff.

69.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

70.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

71.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

72.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

73.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

74.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

75.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

76.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.


DATED:      June 5, 2013
            New York, New York

                         HARVIS WRIGHT
                         SALEEM & FETT LLP

                         _____
                         Gabriel P. Harvis
                         305 Broadway, 14th Floor
                         New York, New York 10007
                         (212) 323-6880
                         gharvis@hwsflegal.com

                         *Attorney for plaintiff*